1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY SILVA,

Petitioner,

v.

A. SOTO, Warden,

Respondent.

Case No. 1:16-cv-00209 LJO MJS (HC)

**FINDINGS AND RECOMMENDATION TO DENY MOTIONS TO STAY**

**(Docs. 8, 22, 27)**

18    **I.    Introduction**

19    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

20    corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a November 8, 2012

21    conviction from the Fresno County Superior Court for two counts of second degree

22    attempted murder, discharging a firearm at an occupied vehicle, second degree robbery,

23    and various enhancements. (Pet., ECF No. 1.) Petitioner filed his federal petition for writ

24    of habeas corpus on February 16, 2016 presenting the following six claims for relief: (1)

25    that the prosecution committed misconduct in presenting false testimony and allowing

26    false testimony to go uncorrected, (2) that appellate counsel was ineffective for failing to

27    present the prosecutorial misconduct claim on appeal, (3) that trial counsel was

28    ineffective based on his examination of Petitioner during trial, (4) that the prosecution

1  committed misconduct by presenting improper argument during closing, (5) that the

2  prosecution committed misconduct by misstating and shifting the burden of proof to

3  Petitioner, and (6) insufficient evidence. (See Pet., ECF No. 1.)

4      On February 19, 2016, the Court screened the petition, and ordered Respondent

5  to file a response. (ECF No. 5.)    Respondent filed an answer to the petition on June 20,

6  2016. (ECF No. 20.) However, Petitioner moved the Court to stay the petition in light of

7  the fact that he has a pending appeal of the denial of his post-conviction request for DNA

8  testing under Cal. Penal Code § 1405. (ECF Nos. 8, 22, 27.)

9      Petitioner requests that the instant matter be stayed pending the outcome of his

10  state appeal. On September 2, 2016, Respondent filed an opposition to the motions to

11  stay. (ECF No. 25.) Respondent notes that Petitioner has not asked to add additional

12  claims to his federal petition, and that all of the claims presented in the petition have

13  previously been exhausted. (Id.) Respondent further notes that the request for DNA

14  testing is a matter of state law. Further, should the appeal result in new evidence

15  beneficial to Petitioner, he may present a new or additional claim with this Court after

16  exhaustion of the claim in state court. (Id.)

17  **II.    Legal Standards**

18      **A.    Exhaustion of State Remedies**

19      The exhaustion of available state remedies is a prerequisite to a federal court's

20  consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy,

21  455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). The

22  exhaustion doctrine is based on comity to the state court and gives the state court the

23  initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v.

24  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

25      A petitioner can satisfy the exhaustion requirement by providing the highest state

26  court with a full and fair opportunity to consider each claim before presenting it to the

27  federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

28  270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the

2

petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889  (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

**B.     Stay and Abeyance**

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The

1   court then stays and holds in abeyance the amended, fully exhausted petition, allowing
2   the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id.
3   (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the
4   newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet
5   three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for
6   petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding
7   that the unexhausted claims are potentially meritorious; and (3) no indication that the
8   petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three
9   preconditions exist, the court should stay the habeas case and hold it in abeyance,
10  leaving the mixed petition intact while the petitioner returns to state court to present his
11  unexhausted claims.

12      The Ninth Circuit has found that "'a motion to stay and abey section 2254
13  proceedings' to exhaust claims 'is generally (but not always) dispositive of the
14  unexhausted claims,'" and that Magistrate judge must present findings and
15  recommendations to a District Court Judge, rather than rule on the motion. Bastidas v.
16  Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166,
17  1173-74 (9th Cir. 2015).

18  **III.   Analysis**

19      Petitioner has asked to stay this case and hold it in abeyance to allow him to
20  complete his appeal in state court to seek post-conviction DNA testing. Petitioner has not
21  alleged that a new federal claim exists in light of the appeal, and has not moved to
22  amend the present petition to add such a claim.

23      The Court is not capable of granting a stay at this time. The stay procedures only
24  apply to mixed petitions containing both exhausted and unexhausted claims. See
25  Rhines, 544 U.S. at 278. Further, "district courts must provide habeas litigants with the
26  opportunity to amend their mixed petitions by striking their unexhausted claims."
27  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

28      The instant petition is not a mixed petition. It appears to contain only exhausted

1   claims. Should Petitioner's request for DNA testing succeed, he may have a claim that

2   could be presented in this court, assuming all procedural requirements are met. If so,

3   Petitioner could move to amend the present petition to add the claim (assuming it is still

4   pending), or seek relief from the Ninth Circuit to file a second or successive petition

5   based on a newly discovered factual predicate under 28 U.S.C. § 2244(a)(2).

6   **IV.   Recommendation**

7        It is HEREBY RECOMMENDED that the motions to stay the petition for writ of

8   habeas corpus be DENIED.

9        These Findings and Recommendations are submitted to the assigned United

10  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

11  and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

12  District of California. Within fourteen (14) days after being served with a copy, Petitioner

13  may file written objections with the Court. Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

15  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

16  advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

18  2014).

19
20  IT IS SO ORDERED.

21      Dated:   March 6, 2017          /s/ *Michael J. Seng*

22                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28