UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SILVA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. SOTO,<br><br>　　　　Respondent. | Case No. 1:16-cv-00209-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS CASE WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Anthony Silva, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because petitioner is still challenging his conviction in state court, we ordered the parties to show cause why this court should not abstain from exercising jurisdiction over this case and dismiss it without prejudice. ECF No. 31. No party has responded to the order to show cause or objected to the dismissal of this case without prejudice. We recommend that the court abstain from exercising jurisdiction and dismiss this case without prejudice for the reasons discussed below.

**I.　Background**

We draw the following facts from an opinion of the California Court of Appeal, Fifth District ("Court of Appeal"). *See People v. Silva*, No. F073195, 2018 WL 948214, at *1 (Cal. Ct. App. Feb. 20, 2018):

> In *People v. Silva* (Dec. 8, 2014, F066141), the Fresno County District Attorney alleged [that petitioner] robbed his former friend, Jerry Manning, Jr. (Jerry Jr.) of a wallet and cell phone and then shot and wounded both Jerry Jr. and Jerry Manning, Sr. (Jerry Sr.) in November 2011. A jury trial was held in Fresno Superior Court in

1

which the identity of the gunman was disputed. The jury convicted [petitioner] of two counts of attempted murder (§§ 664, 187, subd. (a)), discharging a firearm at an occupied vehicle (§ 246), and second degree robbery (§ 211), with enhancements for personal discharge of a weapon causing great bodily injury (§ 12022.53, subd. (d)). [Petitioner] was sentenced to a prison term of 50 years to life, plus 11 years 4 months. [The Court of Appeal] affirmed the judgment, which has become final.

On August 31, 2015, [petitioner] filed a request *in propria persona* in the Fresno Superior Court for appointment of counsel and for DNA testing. [Petitioner] cited section 1405, which authorizes postconviction motions for DNA testing and appointment of counsel for indigent prisoners who seek to file such motions. [Petitioner] requested appointment of counsel and stated he met all of the requirements for DNA testing pursuant to section 1405, subdivision (d)(1).

[Petitioner] stated he was not the person who committed the crime, identity was a significant issue in the case, DNA testing would show he did not commit the crime, and his trial counsel was ineffective. [Petitioner] identified the evidence to be tested—a black "Central Grizzlies" sweatshirt, blue jeans, and two T-shirts. [Petitioner] described how the clothing was relevant to his case and why DNA may shed light on the identity of the gunman. Eyewitnesses had described the perpetrator as wearing a black and white mask, a black Central Grizzlies sweatshirt, and blue jeans, and had pointed a police officer toward the direction in which the suspect fled.

In following the gunman's path, the officer found the black Central Grizzlies sweatshirt, blue jeans, and T-shirts, along with Jerry Jr.'s stolen wallet in a plastic grocery bag inside a city garbage can near the crime scene. Jerry Jr.'s wallet had been tested and contained DNA from one male and one female; [petitioner] was not the male DNA contributor. [The Court of Appeal's] opinion noted there was a mixture of DNA on the wallet that did not belong to Jerry Jr. or to [petitioner]. None of the clothing, however, was tested for DNA. [Petitioner] stated his belief that DNA test results will show someone else was in possession of the victim's wallet; he had not previously filed a postconviction motion for DNA testing.

At trial, the prosecutor argued the sweatshirt belonged to [petitioner] because he had attended Central High School. [Petitioner] described why the witnesses who claimed he was the gunman lacked credibility, and he asserted DNA testing of the clothing would undermine the prosecution's claim that he was the gunman.

The prosecutor filed an opposition brief. The prosecutor reported the items of clothing at issue were still in police custody. The prosecutor did not address [petitioner]'s request for counsel to investigate and, if appropriate, prepare a full section 1405 motion. The prosecutor asserted the court should deny [petitioner]'s motion for DNA testing on the merits, focusing on the argument that DNA analysis would not raise a reasonable probability that the verdicts or sentence would have been more favorable if the results of DNA

2

> testing had been available at the time of the trial. The prosecutor asserted the items of clothing were not material to the issue of identity because they could not conclusively be linked to the gunman. The prosecutor argued that even if [petitioner]'s DNA was not on the clothing, and even if the clothing contained a third party's DNA, those results would not cast doubt on the identity of the gunman because other evidence inculpated [petitioner].
>
> [Petitioner] filed a reply brief *in propria persona* wherein he renewed his request that the court appoint counsel to brief his motion pursuant to section 1405 and asserted he was entitled to DNA testing pursuant to section 1405. [Petitioner] also attempted to rebut the prosecutor's arguments that the court should deny DNA testing without appointing counsel. [Petitioner] included excerpts of the reporter's transcripts in which the police officer who searched the garbage can stated his attention had been drawn to the sweatshirt because it "matched the description given by one of the witnesses," and the items of clothing and the wallet were found within the same plastic grocery bag.
>
> On December 21, 2015, the trial court issued an order denying [petitioner]'s request for appointment of counsel, without discussing the criteria set forth in section 1405, subdivision (b), or stating why [petitioner] failed to meet those criteria. The court stated it was denying [petitioner]'s motion for DNA testing on the merits because it was not reasonably probable a more favorable result would have been achieved had the evidence been available at the time of trial. The court cited section 1405, subdivision (g)(5), and *Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1051.)

*Silva*, 2018 WL 948214, at *1-2. The Court of Appeal reversed and remanded, directing the trial court to appoint counsel to assist petitioner with his post-conviction proceeding and DNA testing. *Id*. at *6. The trial court has appointed counsel for petitioner, and the matter is pending in state court. *See generally People v. Silva*, No. F11907044 (Fresno Super. Ct. Oct. 16, 2018).

**II.  Discussion**

Principles of comity and federalism require federal courts to abstain from interfering with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); 28 U.S.C. § 2283. Federal courts abstain from addressing asserted violations of federal constitutional rights when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765

(9th Cir. 2018). When these requirements are met, a district court must dismiss the action and lacks the discretion to do otherwise, absent extraordinary circumstances. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018). Extraordinary circumstances include a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766. The principles of *Younger* abstention "apply in full force" even when a state proceeding began after the federal action. *M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)); *see also Hoye v. City of Oakland*, 653 F.3d 835, 844 n.5 (9th Cir. 2011) ("That the state court proceedings have now ended is not alone a sufficient reason that *Younger* does not apply.").

Abstention can also be appropriate based on considerations of judicial economy, "wise judicial administration," and avoiding duplicative litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court in *Colorado River* identified four factors that a federal court may consider in deciding whether to abstain: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id*. at 818-19. The Supreme Court subsequently added two more factors: (5) whether federal or state law provides the rule of decision on the merits and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23 (1983). The Ninth Circuit considers an additional factor: (7) prevention of forum shopping. *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990). No single factor is dispositive. *See Colorado River*, 424 U.S. at 818-19.

Here, abstention is appropriate under both *Younger* and *Colorado River*. As for *Younger* abstention, petitioner is still challenging his conviction through a DNA test in state court. The state proceeding implicates the important state interest of fair adjudication of criminal charges. The proceeding allows petitioner—who is now represented by counsel in state court—an

adequate opportunity to raise constitutional challenges.  The requested relief from this court—habeas relief—would have the practical effect of enjoining the state proceeding because the state proceeding would be moot.

Abstention under *Colorado River* is appropriate as well.  If petitioner succeeds in his state-court proceeding, his petition in this case would be moot.  This federal court's decision would be on the merits.  The state proceeding is adequate to protect petitioner's federal rights.  Other factors may weigh against abstention, but the critical concern here under *Colorado River*—avoiding duplicative proceedings—weighs heavily in favor of abstention.

**III.  Findings and recommendations**

The court should dismiss this case without prejudice because both *Younger and Colorado River* counsel in favor of abstention.  Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge presiding over this case.  Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    January 8, 2019  

                                    UNITED STATES MAGISTRATE JUDGE